A. Franklin Mahoney, J.
On June 1, 1970, after trial by jury and verdict, judgment was entered in the Albany County Clerk’s office in favor of the plaintiff in the sum of $164,272.51. The plaintiff, alerted by news media that defendant was having grave financial problems and might seek the protections of the Federal bankruptcy laws, caused execution to issue to the Sheriff of Albany County directing him to levy on certain bank accounts of the defendant in Albany banks. He did as ordered. Thereafter, to effect release of the accounts, Penn Central furnished the bond of Federal Insurance Company and it was accepted by plaintiff on June 11,1970. Appeal from the verdict was taken by the defendant to the Appellate Division, Third Department, and a divided court affirmed (36 A D 2d 557) the verdict in its entirety and an order was entered in the Albany County Clerk’s office on January 22, 1971. The defendant appealed to the Court of Appeals on the sole ground of judicial error and that court (29 N Y 2d 528) reversed the lower court and ordered a new trial. Plaintiff then moved in the Court of Appeals for reargument or, in the alternative, for an order amending the remittitur to provide (1) for a new trial on liability only or (2) that the bond be continued in full force and effect ‘ ‘ to abide the event of a new trial”. The Court of Appeals denied the motion as to reargument (29 N Y 2d 749) but granted that branch of the motion seeking amendment of its remittitur by recalling the same and amending it in the following language: ‘ ‘ Order modified and a new trial limited to the issue of liability granted, with costs to abide the event, in a memorandum. The verdict as to damages, $115,000, is held in abeyance pending the new trial with prejudgment interest, if liability found, to be computed as of such time. [See 29 N Y 2d 528.] ” (29 N Y 2d 666.) _ The amendment was nunc pro tunc as of the date of the original *691 remittitur, June 10, 1970. On October 7, 1971 this court signed an ex parte order which, among other things, directed entry of judgment in favor of the plaintiff in the sum of $115,000 but ordered that said judgment was interlocutory only and was not to become final unless plaintiff succeeded in the retrial of the issue of liability. Further, the October 7th order continued the bond of the Federal Insurance Company as security for payment of the $115,000 in the event that plaintiff prevailed anew on the issue of liability. The defendant, by show cause order returnable on October 22, 1971 before this court, moved to resettle the October 7th order by striking therefrom the direction for entry of judgment in favor of the plaintiff and by striking therefrom the provision continuing the bond as security. It is this motion that is before the court.
The language of the amended remittitur is irrelevant to the issue of whether the bond should remain as security for the money judgment in the event that plaintiff obtains a favorable verdict on liability on retrial. The undertaking of Federal Insurance Company is not to insure against a verdict in the trial part of Supreme Court. It is an appeal bond wherein the insurer ‘ ‘ undertake that the appellant shall pay the amount directed to be paid by the judgment if the judgment so appealed from, or any part thereof, is affirmed, or the appeal dismissed, or the part of it as to which the judgment is affirmed. ’ ’ Clearly, there is no construction difficulty in determining from the quoted language contained in the bond that it is the appellate judgment and not the trial court judgment that the bond secures. If the Court of Appeals had reversed the Appellate Division and dismissed the complaint, the question of bond security would be moot. If the Court of Appeals had not modified its remittitur and had sent the whole case back for retrial, there is little question that the surety would be released from liability in the event that plaintiff prevailed anew, as its undertaking was given to secure an appellate judgment and not a trial court judgment. However, in this case, since the Court of Appeals modified its remittitur so as to direct that the verdict as to damages be held in abeyance pending a new trial on liability, it cannot be successfully argued that there was not a substantial affirmance of a part of the judgment appealed from. In other words, the Court of Appeals affirmed so much of the judgment entered on the verdict as awarded damages to the plaintiff, and directed a new trial only as to liability. It, therefore, set forever at rest the extent of the surety’s obligation (plus interest) if liability were found anew. Therefore, it was appellate judgment, against which the undertaking was given, and not lower court judgment *692 that fixed the damages. (See 5 Am. Jur. 2d, Appeal and Error, §§ 1031, 1032, 1033; see, also, Self Service Super Market v. Harris, 3 N Y 2d 615, 623.)
The motion to resettle the order of October 7, 1971 is denied.